### ROBERT WARDLOW *vs.* JAMES T. BESSER.

A Justice of the Peace adjourned a cause to a day certain, and entered the same upon his docket, and afterwards changed the day of trial upon his own responsibility, and on that day heard and determined the case, in the absence of one of the parties. *Held*—That the proceeding was irregular, and his judgment reversed accordingly.

This was an appeal from an order of the District Court of Blue Earth County. The action was before a Justice of the Peace in that County. His judgment was reversed upon Certiorari to the District Court, and the Plaintiff below appeals from the order of reversal. The ground of error appears from the opinion of the Court.

The following are the points and authorities relied upon by the Counsel for the Appellant:

*First.*—The said Court erred in reversing the judgment of the Justice of the Peace.

*Second.*—The return of said Justice shows the proceedings before him regular, yet the District Judge appears to have acted upon the affidavit made for the purpose of procuring an allowance of the certiorari, and to have treated it as a part of the record.

*Third.*—The complaint in the action shows a subsisting cause of action in favor of Appellant, and against said Respondent, which is not denied specifically by the answer, and as no reply is required by statute, or other pleading authorized except the complaint and answer, and objections in the nature of a demurrer, the answer of Defendant is in effect denied without a reply, and it is therefore immaterial whether the claim of $8 is properly negatived by the reply.

*Fourth.*—The case was continued by the Justice on motion of Respondent, and by consent of both parties, until Monday, two weeks from the day of appearance, being a *time* certain; it is wholly immaterial, therefore, whether the Justice in the first instance ·made an error in the day of the month. The Respondent had no right to rely upon what he knew was a mere clerical error, and as he relied upon his opinion that the case must fall, he must look to his adviser for redress.

*Fifth.*—If Respondent was aggrieved by said Justice, his remedy was by appeal, and not having taken the legal and proper course, must suffer the consequence of his own neglect.

*Sixth.*—The writ of certiorari is only available when the record shows want of jurisdiction. The Respondent has mistaken his remedy, and the District Court erred in holding otherwise.

The following are the points and authorities relied upon by the Counsel for the Respondent:

*First.*—The Justice had not jurisdiction of the person of the Defendant, therefore erred in rendering judgment against him.

*Second.*—The return of the Justice clearly shows that the cause was adjourned until October 10th, 1858, which being Sunday, the Justice lost jurisdiction of the person of the Defendant, and the subject matter.

*Third.*—The docket, as returned by the Justice, does not show that the cause was adjourned until Monday, two weeks from the return day of the summons, but was adjourned to a certain day of the month.

*Fourth.*—The cause having been adjourned to the 10th day of October, 1858, while the parties were present, and so entered

by the Justice in his docket at that time, the Justice erred in changing the date of the adjournment to the 11th of October, afterwards, and in the absence of the parties. A cause having been once adjourned to a day certain, cannot afterwards, in the absence of the parties, be altered and changed to another and different day, even by consent of parties, so as to give jurisdiction of the person of the Defendant, and no subsequent notice or agreement of the parties would confer jurisdiction, and nothing but a voluntary appearance of the Defendant upon that day would give jurisdiction. *Kimball vs. Mach*, 10 *Wendell R.*, *p.* 497; *Weeks vs. Lyon*, 18 *Barbour*, *p.* 530.

*Fifth.*—The Defendant not appearing on the 11th, the Justice had not jurisdiction of the person of the Defendant; therefore erred in rendering judgment against him on that day.

*Sixth.*—The whole return of the Justice should be taken into consideration, and in all matters pertaining to jurisdiction of the Court below, the return is open to scrutiny. *People vs. Overseers, Part., &c.,* 15 *Barbour, p.* 286.

*Seventh.*—Justice's Courts being Courts of special and limited jurisdiction, should show jurisdiction affirmatively; none is presumed.

*Eighth.*—The answer sets up a good defence to this action.

*Ninth.*—The District Court was correct in reversing the judgment of the Justice's Court, and should be affirmed.

SMITH & GILMAN, of Counsel for Appellant.

WILLARD & BARNEY, of Counsel for Respondent.

*By the Court*—EMMETT, C. J. The Justice of the Peace. before whom this action was commenced, after having adjourned the case to a day certain, and entered the same on his docket, took the responsibility of changing the day fixed for the trial, and on the day to which the same was so changed proceeded to hear and determine the case, in the absence of one of the parties. This was clearly without authority of law, and the District Court very properly reversed the judgment so rendered, for this cause.

The judgment of the District Court reversing the judgment of the Justice of the Peace is affirmed.